[Civ. No. 9599.   Third Dist.   Feb. 25, 1960.]

BALDWIN CONTRACTING COMPANY, INC. (a Corporation), Respondent, v. W. G. DAVIS, JR. et al., Appellants.

Weis, Weis & Harpham for Appellants.

Manwell & Manwell for Respondent.

PEEK, J.—This is an appeal by defendants from a judgment quieting plaintiff's title to certain land formed by accretion.

The disputed land is bounded on the south by the Yuba River and is designated "D" on the rough sketch shown on the following page which is not drawn to scale.

Title to parcels "A" and "C" is vested, respectively, in

defendants and one J. N. Covert. Parcels "B," "D," "E" and "R" were formed by accretion. In 1949 defendants and Covert agreed upon a boundary line extending in a southeasterly direction from the south corner, common to parcels "A" and "C," to the northeast corner of parcel "D." Since that time ownership of parcel "E" has been claimed by Covert and that of parcel "B" by defendants.

Plaintiff makes no claim as to either parcel "B" or "E" but claims parcels "D" and "R" by virtue of adverse possession and under a quitclaim deed from Covert in 1954. However that deed was not introduced in evidence and no finding was made thereon. The material findings were limited to the issues raised by the pleadings. They are that plaintiff

acquired title to parcel "R" by adverse possession; that defendants acquired title to parcel "B" by adverse possession; and that neither defendants nor plaintiff acquired title to parcel "D" by adverse possession. ▮ Those findings are not attacked, but defendants do challenge the court's holding that as to parcel "D" plaintiff is entitled to the easterly one-half and defendants the westerly one-half. Although the briefs of the parties are devoted almost exclusively to a discussion of the question of apportionment, the record contains no evidence or finding to support apportionment of parcel "D." It is unnecessary to discuss the arguments pro and con as to whether defendants and Covert, in arriving at their agreed boundary between "B" and "E," employed the proper method of apportioning those parcels between themselves as accreted land.

Since the court's findings, embodied in the judgment, were that plaintiff's title came through adverse possession of parcel "R" and that its possession of parcel "D" gave it no prescriptive title to said parcel, plaintiff is not shown to have had any right to have said parcel apportioned between it and defendants.

It follows that since there is no evidence or finding that defendants and plaintiff are, or ever were, adjoining owners between whom apportionment should be made, the judgment cannot be sustained.

The judgment, as it affects parcel "D," is reversed. In all other respects the judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.